UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HENRY A. MYERS,                    ) | |
|          ) | |
|     Plaintiff,      ) | |
|          ) | |
|  v.      ) | Civil Action No. 23-00858 (UNA) |
|          ) | |
| JOSEPH R. BIDEN,                   ) | |
|          ) | |
|     Defendant.    ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, and *pro se* complaint, ECF No. 1. The Court will grant the *in forma pauperis* application and dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), by which the Court must dismiss a case "at any time" if it determines that the action is frivolous.

Plaintiff characterizes this case as "a North Atlantic Treaty Organization case of incompetence and abuse of powers" against the current President of the United States. Compl. at 1. According to plaintiff, the President not only fails "[t]o properly address a threat posed by the Chinese Communist Party," *id*., but also "used technology to remove traumatic events from soldiers" by, for example, removing emails from plaintiff's account without plaintiff's consent, *id*. at 2. Plaintiff demands "transfer of all executive authority of all United States Armed Services Branches currently active in the North Atlantic Treaty Organization." *Id*.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis

1

either in law or in fact" is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). On review of the complaint, the Court concludes that its factual allegations are irrational or wholly incredible, and lacking in legal support. Thus, the complaint is subject to dismissal as frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"); *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality").

      A separate order will issue.

DATE: April 12, 2023

/s/
TANYA S. CHUTKAN
United States District Judge